IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CASE NUMBER:

DIVISION:

SASHA LAWTON
    Plaintiff,

v.

CITY OF SAINT PETERSBURG,
DOMINICK C. FILIPPONI, AND
BRIAN ORIGLIO
    Defendants,

_____,

## COMPLAINT

COMES NOW, SASHA LAWTON, and files this action against the City of Saint Petersburg and in support states as follows:

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against police officers of the City of Saint Petersburg Police Department, who unlawfully arrested the plaintiff.

### JURISDICTION AND VENUE

2. This action is brought pursuant to *42 U.S.C. §§ 1983, 1988* and the *Fourth, Fifth,* and *Fourteenth Amendments to the Constitution of the United States.*

3. This Court has subject matter jurisdiction of the action under *28 U.S.C. §§ 1331, 1343(a)(3)*.

4. This action is also brought pursuant to the Florida Civil Rights Act of 19920, F.S. 760.01.The venue is proper as events giving rise to this cause of action occurred in Pinellas County, Florida.

5. Pursuant to Florida Statutes 768.28, Plaintiff timely submitted notices to the City of Saint Petersburg and the Florida Department of Financial Services.

***ELECTRONICALLY FILED 06/19/2020 09:24:01 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## PARTIES

6. Plaintiff, Sasha Lawton was a resident of Pinellas County, Florida, and a citizen of the United States at all times relevant to the allegations of this complaint.
7. At all relevant times, defendant City of Saint Petersburg, Florida was a municipal corporation organized under the laws of the State of Florida .
8. Also, at all relevant times, the City of Saint Petersburg Police Department was a fully authorized police and law enforcement agency of and for the City of Saint Petersburg, Florida, and was formed, staffed, governed and acting under the auspices and control of defendant, City of Saint Petersburg, Florida.
9. At all relevant times, defendant Dominick C. Filipponi (Shield Number 43519) was a member of the Saint Petersburg Police Department and was an employee of the City of Saint Petersburg and its Police Department, and was acting for, upon and in the course of an in the furtherance of the business of his employers and within the scope of his employment. He is sued individually and in his official capacity.
10. At all relevant times, defendant Brian C. Origlio (Shield Number 42348) was a member of the Saint Petersburg Police Department and was an employee of the City of Saint Petersburg and its Police Department, and was acting for, upon and in the course of an in the furtherance of the business of his employers and within the scope of his employment. He is sued individually and in his official capacity.
11. At all times relevant hereto and in all their actions described herein, defendants Filipponi and Origlio were acting under color of law and pursuant to their authority as police personnel.
12. At all relevant times, the individual defendants were employees of defendant police department and defendant municipality, and were acting within the scope of their employment, in furtherance of the business of defendant police department and defendant municipality.
13. The individual defendants were acting pursuant to the authority conferred upon them by defendant police department and defendant municipality.

## FACTUAL ALLEGATIONS

14. On June 20, 2016, at about 11:30 A.M., while inside, at and in the vicinity of 7-Eleven

located at 2110 9th Street North, Saint Petersburg, Florida 33704,Ms. Lawton was harassed, assaulted, and battered by a stranger Marina Leonova.

15. On June 20, 2016, at about 11:30 A.M, , defendant police officers, Origlio and Filipponi investigated the physical altercation between Plaintiff and a stranger (Marina Leonova). The report number is 2016-028354.

16. On June 20, 2016, at about 11:30 A.M. , while outside, at and in the vicinity of 7-Eleven located at 2110 9th Street North, Saint Petersburg, Florida 33704, defendant police officers, Origlio and Filipponi wrongfully and illegally arrested, detained and imprisoned plaintiff.

17. Ms. Lawton was unlawfully arrested and charged with simple battery by Saint Petersburg Police Officers Brian Origlio and Dominick Filipponi. The arrest was unlawful because the officers did not have probable cause to believe Ms. Lawton committed a crime. An independent witness testified that Leonova physically attacked Ms. Lawton first. In addition, surveillance footage showed Leonova accost and attack Ms. Lawton.

18. Officers provided false information in the Police Report. In the police report, the officers allege that surveillance footage showed Leonova "did not touch the arrested in anyway". This a patently false statement.

19. The surveillance footage shows 1) Leonova leave the entrance of the store and follow Ms. Lawton across the store 2) Leonova physically accost Ms. Lawton (while Ms. Lawton was standing at the counter with her back to Leonova) and 3) Leonova shove Ms. Lawton (Leonova initiated the physical altercation by shoving Ms. Lawton). The surveillance footage shows that after the initial physical contact, Leonova continued to harass, follow, and assault Ms. Lawton.

20. Saint Petersburg Police Officers Brian Origlio and Dominick Filipponi failed to thoroughly investigate or analyze the incident.

21. Finally, the officers failed to properly address Ms. Lawton's injuries. Ms. Lawton sustained physical injuries to her neck and back.

22. In addition, Ms. Lawton had other injuries (including, but not limited to): mental anguish, loss of reputation, and lost wages.

### COUNT ONE: FALSE ARREST

### (In violation of 42 U.S.C. § 1983 , Fourth Amendment,

### and  Fourteenth Amendments of US Constitution)

23. Plaintiff repeats paragraphs one through twenty-two .

24. Defendants Filipponi and Origlio violated plaintiff's constitutional right to be free from unreasonable search and seizures by arresting plaintiff without a warrant and without probable cause to effectuate the arrest.

25. Defendants Filipponi and Origlio were acting under color of state law when he caused plaintiff to be arrested falsely.

26. Defendants Filipponi, Origlio, and City of Saint Petersburg are liable to plaintiff for her damages under 42 U.S.C. § 1983 .

### COUNT TWO:FALSE ARREST

### (In violation of Florida Civil Rights Act of 1992)

27. Plaintiff repeats paragraphs through . Defendants Filipponi and Origlio violated plaintiff's constitutional right to be free from unreasonable search and seizures by arresting plaintiff without a warrant and without probable cause to effectuate the arrest.

28. Defendants Filipponi and Origlio were acting under color of state law when he caused plaintiff to be arrested falsely.

29. Defendants Filipponi, Origlio, and City of Saint Petersburg are liable to plaintiff for her damages under Florida Civil Rights Act of 1992.

### COUNT THREE:RACIAL DISCRIMINATION

### (Disparate treatment based on race in violation of

### 42 .S.C. § 1983 and  Fourteenth Amendment of US Constitution)

30. Plaintiff repeats and realleges each allegation in  paragraphs  above as if each were more fully set forth herein.

31. The Defendants, acting under color of Florida Law,  intentionally deprived Plaintiff of her right to equal protection of law as guaranteed by the Fourteenth Amendment of the United States Constitution  and as guaranteed by the Civil Rights Act of 1871, 42 U.S.C. §1983 by

refusing to properly investigate criminal offenses committed against Plaintiff and failing to treat Plaintiff's injuries based on her race.

32. Defendants discriminated against Plaintiff based on her race by subjecting her to disparate treatment in violation of 42 U.S.C. § 1983.

33. Defendant's conduct has caused Plaintiff to be deprived of liberty interests protected by the Fourteenth Amendment. Defendants' unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial.

34. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial.

35. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to her costs, disbursements, and reasonable attorney's fees incurred.

## COUNT FOUR: FALSE ARREST
### In violation of 42 U.S.C. § 1983 , Fifth Amendment and Fourteenth Amendments of US Constitution

36. Defendant caused Plaintiff to be deprived of her liberty interests by submitting false information regarding the evidence reviewed during the investigation.

37. Defendants Filipponi and Origlio were acting under color of state law when he caused plaintiff to be arrested falsely.

38. Defendants Filipponi, Origlio, and City of Saint Petersburg are liable to plaintiff for her damages under 42 U.S.C. § 1983.

## JURY DEMAND

39. Plaintiff demands trial by jury on all issues triable by jury in this action.

## PRAYER FOR RELIEF

Plaintiff requests this honorable court:
   A. Award compensatory damages to plaintiff in an amount to be determined by the trier of fact as sufficient to compensate the plaintiff for the injuries described in this

      complaint;

B. Award reasonable costs and expenses to plaintiff in this action, including attorney's fees pursuant to *42* U.S.C. *§ 1988* ;

C. Award reasonable costs and expenses to plaintiff in this action, including attorney's fees pursuant to *the Florida Civil Rights Act of 1992* and

D. Award Plaintiff all other relief that is just and proper.

                              Respectful Submitted,

                            */s/ Janica M. Munford*
                            Janica M. Munford
                            Bar No.:0107201
                            Attorney for Petitioner
                            2822 54th Avenue South
                            St. Pete., Florida 33712
                            Telephone: (727) 234-8887
                            Fax: (727) 683-9439
                            Janica@Munfordlaw.com