UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SASHA LAWTON,

    Plaintiff,

v.                                                 Case No: 8:20-cv-2533-KKM-TGW

CITY OF ST. PETERSBURG, et al.,

    Defendants.
_____/

## ORDER

This order follows the Court's review of the docket. On December 3, 2020, the Court ordered Plaintiff Sasha Lawton to show cause why this case should not be dismissed for her failure to respond to the City of St. Petersburg's motion to dismiss. (Doc. 12). In response, Lawton moved for leave to file an amended complaint, (Doc. 13), and she attributed her failure to respond to the motion to dismiss to simple "oversight." (Doc. 15). She also filed a response in opposition to the motion to dismiss. (Doc. 14).

As an initial matter, it is doubtful that mere inadvertence constitutes excusable neglect for missing the deadline to respond to a motion to dismiss. *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, et al.*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do

not usually constitute 'excusable' neglect."). But the Court will nonetheless permit Lawton to file her amended complaint because the City likewise failed to respond to her motion to amend; the Court therefore will treat Lawton's motion as unopposed. *See* Local Rule 3.01(b) (response to motion was due on December 23, 2020); *see also Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 631–32 (11th Cir. 1988) (affirming district court that treated motion for summary judgment as unopposed because no response was filed within the time required under the local rules).

Lawton is reminded that Local Rule 3.01(g) places a continuing duty on counsel to update the Court on whether a motion is opposed: "The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." Lawton informed the Court initially that opposing counsel gave no response to her motion to amend; she failed though to update the Court during the last month whether the City opposes her motion.

Given the above, the following is **ORDERED**:

1. Lawton's motion for leave to file an amended complaint (Doc. 13) is **GRANTED**. By **January 27, 2021**, Lawton must separately file her amended complaint as attached to her motion for leave to file an amended complaint.

2. The City's motion to dismiss (Doc. 5) is **DENIED AS MOOT**.

3. By **February 10, 2021**, the defendants must respond to the amended complaint. On that same date, Joseph P. Partner (counsel for the City) must file a notice clarifying whether he also represents individual defendants Dominick Filipponi and Brian Origlio.

4. Lawton is **DISCHARGED** from the December 3rd order to show cause.

5. By **February 17, 2021**, the parties must file a Case Management Report that complies with the uniform format now posted on the Court's website, including the undersigned's page.

6. The parties must strictly follow the Local Rules.[1]

**ORDERED** in Tampa, Florida, on January 25, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge

---

[1] On February 1, 2021, revisions to the Middle District of Florida's Local Rules will take effect. *See Local Rules*, https://www.flmd.uscourts.gov/local-rules (last visited Jan 21, 2021).